In the Matter of the Claim of ALFRED P. LUNDY, Respondent, against KARL J. LUNDGREN and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This appeal is on the ground that policy of appellant did not cover accident. Premiums were collected on wages of claimant, and the work that claimant was doing was incidental to work insured, and was known to appellant, and was covered by its policy. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JADWIGA DYSHANOWITZ, Appellant, against LE-SO BUILDERS, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.—A claim for death benefits has been dismissed and claimant appeals. Deceased, a laborer wheeling rubbish, complained of pain, stopped work and was found to be suffering from a strangulated hernia, from which he shortly died. He had suffered from this hernia for over two years. The referee held that there was no accident and the Industrial Board has found that claimant failed to prove that death was due, or in any wise related, to or the result of an accident. The record sustains this finding. Decision unanimously affirmed. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of WILLIAM MACKEN, Respondent, against ERASMUS HALL LUNCH COMMITTEE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of compensation in favor of William Macken, the claimant, on account of an accident which he sustained on May 2, 1929, while in the service of the employer. The employer in its report stated that claimant was injured while engaged in his regular occupation. The proof sustains the finding of the Board that claimant was injured while lifting a milk stand. Claimant sustained a prior accident while in the employ of the National Lead Company on August 11, 1923. The finding of the Board that all disability from such prior accident terminated on November 19, 1926, is supported by the evidence. The finding of the Board that claimant was twenty-five per cent disabled as the result of the injuries suffered on May 2, 1929, is established by the evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANCES WICKES, Respondent, against VILLAGE OF GILBERTSVILLE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Appeal from an award of death benefits. Decedent, employed by a village felt sudden pain in his abdomen while removing small stones from the street with a shovel. He told his wife and the physician that while lifting a shovel of stones his foot, resting upon a stone, turned over and he at once felt a severe abdominal pain. The village authorities stated in the employer's report of injury that decedent was injured in his regular employment and that the injury consisted of "wrenching himself while cleaning street, causing rupture of intestine." The autopsy disclosed a ruptured intestine. A physician testified that the accident "was the direct cause of his death" and not carcinoma which encircled an intestine at a place away from the rupture. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.